| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>CGG 18-021886<br>Shapiro & DeNardo, LLC<br>14000 Commerce Parkway, Suite B<br>Mount Laurel, NJ 08054<br>(856)793-3080<br>Krystin M. Kane - 171402015<br>Kathleen M. Magoon - 040682010<br>Donna L. Skilton - 013072007<br>Charles G. Wohlrab - 016592012<br>Courtney A. Martin - 098782016<br>Elizabeth L. Wassall - 023211995<br>Jeffrey Rappaport - 003431991<br>ATTORNEYS FOR BANK OF AMERICA, N.A. | Order Filed on December 11, 2018<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
|---|---|
| IN RE:<br><br>CAMILLE D VAUGHN, DEBTOR | CASE NO.: 18-14776-MBK<br><br>HEARING DATE: DECEMBER 11, 2018<br><br>JUDGE: HONORABLE MICHAEL B. KAPLAN |

**CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through two (2) is hereby ORDERED.

**DATED: December 11, 2018**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

This matter being opened to the Court by Robert C. Nisenson, attorney for the Debtor upon filing of a Chapter 13 Plan, and Bank of Amercia, N.A., hereinafter "Secured Creditor," by and through its Authorized Agent, SHAPIRO & DENARDO, LLC, upon the filing of an Objection to Confirmation of Plan, and the parties having subsequently resolving their differences with regard to the Debtor's Chapter 13 Plan: and the Court noting the consent of the parties to the form, substance and entry of the within Order; and the Court considered the parties' application for entry of this Consent Order; and for other good cause shown,

1. Debtor will sell property located at 4217 Birchwood Court, North Brunswick, New Jersey 08902 and complete the sale within twelve (12) month from confirmation of the Chapter 13 Plan.

2. Debtor also agrees to maintain all contractually due mortgage payments, which currently amount to $2,110.87 per month to Secured Creditor, until the property is sold.

3. The sale of the property shall provide for a full payment of Secured Creditor's lien securing the subject property. Secured Creditor agrees to provide an updated payoff letter prior to any scheduled closing date.

4. If the Debtor fails to complete a sale of the property within twelve (12) months of confirmation of the Chapter 13 Plan, Debtor must 1) file a Modified Chapter 13 Plan to fully cure all pre-petition and post-petition arrears, 2) surrender the subject property, or 3) convert to a Chapter 7 Case.

5. If the Debtor fails to make any payments detailed in this Consent Order within thirty (30) days of the date the payments are due or otherwise fails to comply with any material provision of this Order, then the Secured Creditor may obtain an Order Vacating the Automatic Stay as to the Collateral by submitting a Certification of Default to the Bankruptcy Court, specifying the Debtor's failure to comply with this Consent Order, with a copy of any application, supporting certification, and proposed Order to be served on the Chapter 13 Standing Trustee, Debtor's Counsel and the Debtor as required by the local bankruptcy rules.

We hereby consent to the form, content,
and entry of the within Order.

Shapiro & DeNardo, LLC

_____          Date: 12-4-18
Charles G. Wohlrab, Esquire
Attorney for the Secured Creditor

_____          Date: 11/21/18
Robert C. Nisenson, Esquire
Attorney for the Debtor