McGovern Legal Services, LLC
Tiffany L. Byczkowski, Esq.
850 Carolier Lane
North Brunswick, NJ 08902
Phone (732) 246-1221
Fax (732) 246-1872
ATTORNEYS FOR HEARTHWOOD AT NORTH BRUNSWICK CONDOMINIUM ASSOCIATION, INC.

|  |  |
|---|---|
| In re:<br><br>**CAMILLE D. VAUGHN**<br><br>Debtor. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>IN PROCEEDINGS UNDER CHAPTER 13<br>OF THE BANKRUPTCY CODE<br><br>CASE NO.: **18-14776 MBK**<br><br>**NOTICE OF MOTION FOR STAY RELIEF**<br><br>HEARING DATE: January 8, 2019<br>HEARING TIME: 9:00 AM<br><br>**ORAL ARGUMENT WAIVED UNLESS OPPOSITION IS FILED** |

TO:    THOSE LISTED ON ANNEXED SERVICE LIST

**PLEASE TAKE NOTICE** that on the 8th day of January 2019, at 9:00 a.m. or as soon thereafter as counsel may be heard, the undersigned attorneys for Creditor, Hearthwood at North Brunswick Condominium Association, Inc., (the "Association"), by and through its counsel, McGovern Legal Services, LLC, will move before the Honorable Michael B. Kaplan, U.S.B.J. at the United States Bankruptcy Court for the District of New Jersey, located at 402 East State Street, Trenton, NJ 08608, Courtroom 8 for an Order:

Terminating the automatic stay with respect to the Association so that the Association may, among other things, pursue its rights with respect to the Debtor's real property to the extent

1

and in the manner provided by any applicable Association Governing Documents, contract documents and non-bankruptcy law despite the pendency of this proceeding.

**Property:** Debtor's Real Property including, but not limited to:

4217 Birchwood Court
North Brunswick, New Jersey 08902

This motion is based upon the annexed brief, certifications and exhibits thereto, oral argument of counsel (if opposed), testimony and such other evidence as may be adduced at the time of the hearing (if opposed).

Oral argument is waived unless opposition is timely filed.

A Proposed form of Order is submitted herewith.

McGOVERN LEGAL SERVICES, LLC,
Attorneys for Movant

Dated: Jan. 2, 2019

By: *Tiffany L. Byczkowski*
TIFFANY L. BYCZKOWSKI, ESQ.
An Attorney of the Firm

## CERTIFICATION OF SERVICE

I, Tiffany L. Byczkowski, do certify that a true copy of the Motion for Stay Relief was served upon those individuals and/or entities listed on the attached service list via electronic service on the dates listed below.

Dated: Jan. 2, 2019                    BY: _____
                                            TIFFANY L. BYCZKOWSKI, ESQ.

## SERVICE LIST

**Via Electronic Service on** January 2, 2019

CLERK, UNITED STATES BANKRUPTCY COURT
402 East State Street
Trenton, NJ 08608

DEBTOR
CAMILLE D. VAUGHN
4217 Birchwood Court
North Brunswick, New Jersey 08902

DEBTOR'S ATTORNEY
Robert C. Nisenson, Esq.
10 Auer Court, Suite E
East Brunswick, New Jersey 08816

TRUSTEE
Albert Russo
Standing Chapter 13 Trustee
CN 4853
Trenton, NJ 08650-4853

U.S. TRUSTEE
US Dept of Justice
Office of the US Trustee
One Newark Center Ste 1401
Newark, NJ 07102

3

McGovern Legal Services, LLC
Tiffany L. Byczkowski, Esq.
850 Carolier Lane
North Brunswick, NJ 08902
Phone (732) 246-1221
Fax (732) 246-1872
ATTORNEYS FOR HEARTHWOOD AT NORTH BRUNSWICK CONDOMINIUM ASSOCIATION, INC.

| | |
|---|---|
| In re:<br><br>CAMILLE D. VAUGHN<br><br>Debtor. | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY IN PROCEEDINGS UNDER CHAPTER 13 OF THE BANKRUPTCY CODE<br><br>CASE NO.: **18-14776 MBK**<br><br>**BRIEF IN SUPPORT OF MOTION FOR STAY RELIEF**<br><br>HEARING DATE: January 8, 2019<br>HEARING TIME: 9:00 A.M.<br><br>**ORAL ARGUMENT WAIVED UNLESS OPPOSITION IS FILED** |

## STATEMENT OF FACTS

McGovern Legal Services, LLC represents Hearthwood at North Brunswick Condominium Association, Inc. (the "Association") in the above-captioned matter. Camille D. Vaughn (the "Debtor") owns real property within the Association commonly known as 4217 Birchwood Court, North Brunswick, New Jersey 08902 (the "Unit"). Since filing his Chapter 13 Bankruptcy Petition, the Debtor has failed to pay all of his required monthly assessments and fees. The Debtor owes the Association $3,147.00 in post-petition arrearages in monthly

1

maintenance assessments, special assessments, late fees, fines and attorney's fees and costs related to this default through November 29, 2018.

### STATEMENT OF RELIEF REQUESTED

The Association requests that this Court grant the Association relief from the automatic stay.

### LEGAL ARGUMENT

**I.     The Association's Motion For Stay Relief Should Be Granted Because Debtor Has Failed To Remit Post-Petition Payments To The Association.**

The debt owed to the Association is so unique and important that in many cases, it is deemed non-dischargeable. See, 11 U.S.C.A. § 523(a)(16). The Association is a non-profit corporation that operates the common property. Its only source of income is payment by each homeowner of their proportionate share of the Association's expenses. If a homeowner does not pay, either the Association does not have the funds necessary to maintain the common property or the other homeowners in the community must pay the shortfall caused by the delinquency.

In order to facilitate the peaceful and harmonious coexistence of its homeowners, all residents of the Association are also required to adhere to certain rules, regulations and obligations, which are described in the Governing Documents. The Association is empowered, through its Governing Documents and the New Jersey Condominium Act, N.J.S.A. §46:8B-15(f) to require unit owners to pay monthly maintenance assessments, special assessments, late fees, fines and attorneys' fees associated with collections.

Despite demand, the Debtor has failed to make common expense payments to the

2

Association as required by the terms of the By-Laws and Master Deed. Pursuant to 11 U.S.C.A. §362(d) the Court shall grant relief from the automatic stay for cause. Here, the Debtor has failed to remit required post-petition payments to the Association. Section 523(a)(16) provides that an individual debtor is not discharged for "a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership." Debtor holds title to a unit that has condominium ownership. Therefore, the Debtor is obligated to pay the Association these post-petition accruals. The Debtor has not paid these post-petition accruals and therefore has violated the Bankruptcy Code.

It is highly prejudicial for the Debtor to own a unit in the Association without paying the required, commonly monthly payments. It is highly prejudicial if the Debtor does not comply with the Governing Documents. The Debtor is abusing the Bankruptcy code at the Association's peril. Due to Debtor's non-payment of post-petition fees and assessments, the Association requests that the Court grant the Association's motion for relief from the automatic stay.

**II.     The Association is entitled to Stay Relief.**

The Association seeks relief from the automatic stay to pursue a foreclosure. Debtor's failure to pay post-petition accruals constitutes cause for stay relief. See, 11 U.S.C.A. § 362(d), 11 U.S.C.A. § 1301(d) and 11 U.S.C.A. § 105. Therefore, the Court should grant the Association stay relief so that it may pursue its foreclosure action despite this bankruptcy.

The continual accrual of post-petition sums without payment in full irreparably harms the Association and its members. As stated above, if a homeowner does not pay, either the Association does not have the funds necessary to maintain the common property or the other

3

homeowners in the community must pay the shortfall caused by the delinquency. Dismissal of this case will not provide an adequate remedy or protection to the Association. Dismissal will effectively provide the Debtor with the opportunity to file another bankruptcy and obtain a new "order for relief" allowing Debtors to circumvent Bankruptcy Code Section 523(a)(16). Such action is not appropriate. It irreparably harms the Association and denies the Association adequate protection. Therefore, the Association requests that the Court grant the Association stay relief.

## CONCLUSION

Due to Debtor's failure to pay post-petition fee accruals, the Association requests that this Court grant the Association relief from the automatic stay to pursue foreclosure of real property in the Association.

McGOVERN LEGAL SERVICES, LLC,
Attorneys for Movant

Dated: Jan. 2, 2019

By: _____
TIFFANY L. BYCZKOWSKI, ESQ.
An Attorney of the Firm

McGOVERN LEGAL SERVICES, LLC
BY: TIFFANY L. BYCZKOWSKI, ESQUIRE
850 CAROLIER LANE
NORTH BRUNSWICK, NEW JERSEY 08902
(732) 246-1221
ATTORNEYS FOR HEARTHWOOD AT NORTH BRUNSWICK CONDOMINIUM ASSOCIATION, INC.

|   |   |
|---|---|
| In re:<br><br>CAMILLE D. VAUGHN<br><br>Debtor. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>IN PROCEEDINGS UNDER CHAPTER 13<br>OF THE BANKRUPTCY CODE<br><br>CASE NO.: 18-14776 MBK<br><br>CREDITOR'S CERTIFICATION OF DEFAULT |

I, Pamela Horner, of full age, certify and say:

1. I am the Property Manager for Creditor, Hearthwood at North Brunswick Condominium Association, Inc. (the "Association"), and, as such, I have knowledge of the amount due the Association from the Debtor. I am authorized to make this Certification and do so based upon my personal knowledge and review of the books and records of the Association.

2. Camille D. Vaughn (the "Debtor") owns real property in the Association commonly known as 4217 Birchwood Court, North Brunswick, NJ 08902 (the "Unit").

3. The Debtor has not paid all post-petition monthly assessments, special assessments, late fees, fines or attorneys' fees related to this default since filing bankruptcy. Attached hereto is a true and accurate copy of the Debtor's post-petition account history.

The post-petition sum being sought in this application is detailed below:

| | |
|---|---|
| Maintenance Fees (4/2018 -11/2018): | $2,360.00 |
| Late Fees (5/2018 – 11/2018): | $60.00 |
| Special Assessment (11/2018): | $250.00 |
| Legal (only work related to post-petition Default 11/1/2018 -11/29/2018) | $477.00 |
| **Total:** | **$3,147.00** |

4. This certification is being made in an effort to vacate the stay.

5. I certify the above facts to be true. I am aware that if the above facts are willfully false, I am subject to punishment.

Dated: _____

_Pamela Horner, Managing Agent_
Pamela Horner, Property Manager

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>McGovern Legal Services, LLC<br>TIFFANY L. BYCZKOWSKI<br>850 Carolier Lane<br>North Brunswick, NJ 08902<br>Phone (732) 246-1221<br>Attorneys for Hearthwood at North Brunswick<br>Condominium Association, Inc.<br><br>In Re:<br><br>CAMILLE D. VAUGHN | Case No.: __18-14776__<br><br>Chapter: __13__<br><br>Adv. No.: _____<br><br>Hearing Date: __January 9, 2019__<br><br>Judge: __MBK__ |

## CERTIFICATION OF SERVICE

1. I, __Tiffany L. Byczkowski, Esq.__ :

    ☑ represent the __Creditor, Condo Ass'n__ in the above-captioned matter.

    ☐ am the secretary/paralegal for _____, who represents the _____ in the above captioned matter.

    ☐ am the _____ in the above case and am representing myself.

2. On __Jan. 2, 2019__, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below:

    Motion for Stay Relief

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated: __Jan 2, 2019__           __Tiffany L. Byczkowski__
                                                Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| CAMILLE D. VAUGHN<br>4217 Birchwood Court<br>North Brunswick, NJ 08902 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☒ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Robert C. Nisenson, Esq.<br>10 Auer Court, Suite E<br>East Brunswick, New Jersey 08816 | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Albert Russo<br>Standing Chapter 13 Trustee<br>CN 4853<br>Trenton, NJ 08650-4853 | Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 1401<br>Newark, NJ 07102 | US Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
|  |  | ❑ Hand-delivered<br>❑ Regular mail<br>❑ Certified mail/RR<br>❑ E-mail<br>❑ Notice of Electronic Filing (NEF)<br>❑ Other _____<br>(as authorized by the court *) |
|  |  | ❑ Hand-delivered<br>❑ Regular mail<br>❑ Certified mail/RR<br>❑ E-mail<br>❑ Notice of Electronic Filing (NEF)<br>❑ Other _____<br>(as authorized by the court *) |
|  |  | ❑ Hand-delivered<br>❑ Regular mail<br>❑ Certified mail/RR<br>❑ E-mail<br>❑ Notice of Electronic Filing (NEF)<br>❑ Other _____<br>(as authorized by the court *) |
|  |  | ❑ Hand-delivered<br>❑ Regular mail<br>❑ Certified mail/RR<br>❑ E-mail<br>❑ Notice of Electronic Filing (NEF)<br>❑ Other _____<br>(as authorized by the court *) |

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| | | ❑ Hand-delivered<br>❑ Regular mail<br>❑ Certified mail/RR<br>❑ E-mail<br>❑ Notice of Electronic Filing (NEF)<br>❑ Other _____<br>(as authorized by the court *) |
| | | ❑ Hand-delivered<br>❑ Regular mail<br>❑ Certified mail/RR<br>❑ E-mail<br>❑ Notice of Electronic Filing (NEF)<br>❑ Other _____<br>(as authorized by the court *) |
| | | ❑ Hand-delivered<br>❑ Regular mail<br>❑ Certified mail/RR<br>❑ E-mail<br>❑ Notice of Electronic Filing (NEF)<br>❑ Other _____<br>(as authorized by the court *) |
| | | ❑ Hand-delivered<br>❑ Regular mail<br>❑ Certified mail/RR<br>❑ E-mail<br>❑ Notice of Electronic Filing (NEF)<br>❑ Other _____<br>(as authorized by the court *) |

* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

*rev.5/14/12*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>McGovern Legal Services, LLC<br>TIFFANY L. BYCZKOWSKI<br>850 Carolier Lane<br>North Brunswick, NJ 08902<br>Phone (732) 246-1221<br>Attorneys for Hearthwood at North Brunswick<br>Condominium Association, Inc. | |
| In Re:<br><br>CAMILLE D. VAUGHN | Case No.: __18-14776__<br>Chapter: __13__<br>Adv. No.: _____<br>Hearing Date: __January 8, 2019__<br>Judge: __MBK__ |

## CERTIFICATION OF SERVICE

1. I, __Tiffany L. Byczkowski, Esq.__ :

    ☑ represent the __Creditor, Condo Ass'n__ in the above-captioned matter.

    ☐ am the secretary/paralegal for _____, who represents the _____ in the above captioned matter.

    ☐ am the _____ in the above case and am representing myself.

2. On _____, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below:

    Motion for Stay Relief

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated: _____                      _____
                                                                    Signature

Upon the motion of Hearthwood at North Brunswick Condominium Association, under Bankruptcy Code section 362(a) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown, it is

ORDERED that the automatic stay is vacated to permit the movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following:

☑ Real property more fully described as:

4217 Birchwood Court
North Brunswick, New Jersey 08902

☐ ~~Personal property more fully described as:~~

The Association may suspend membership rights and privileges

It is further ORDERED that the movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

The movant shall serve this order on the debtor, any trustee and any other party who entered an appearance on the motion.

*Rev. 7/1/04; jml*

2